**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), and its Locals 248, 1319 and 125, Plaintiffs,**

**v.**

**ALLIS–CHALMERS CORPORATION, a foreign corporation, Defendant.**

No. 85–C–1078.

United States District Court, E.D. Wisconsin.

Aug. 28, 1986.

Zubrensky, Padden, Graf & Maloney by Miriam R. Horwitz, Milwaukee, Wis., for plaintiffs.

Vedder, Price, Kaufman & Kammholz by Richard H. Schnadig, Chicago, Ill., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On July 16, 1985, defendant, Allis-Chalmers Corporation, filed a notice with the Pension Benefit Guarantee Corporation, and other interested parties, indicating its intent to terminate its employee pension plan. Shortly thereafter, the union plaintiffs commenced this action seeking injunctive and declaratory relief and moving for a preliminary injunction. At a hearing on July 23, 1985, I entered an order denying plaintiffs' application for a preliminary injunction. On July 26, 1985, the defendant terminated its pension plan.

Subsequently, the plaintiffs filed a motion for summary judgment, seeking a declaration that certain matters pertaining to their dispute with the defendant are not arbitrable. In response, the defendant interposed two motions: a motion to strike and a motion to dismiss. After oral arguments heard on August 25, 1986, I denied the defendant's motions. At that hearing the defendant informed the court that it did not intend to respond further to plaintiffs' pending motion. I have reviewed the papers as filed and now deem it advisable to grant plaintiffs' motion for summary judgment. Accordingly, the trial set in this case to commence Wednesday, September 3, 1986, will not be held.

## BACKGROUND

The plaintiffs in this action, referred to collectively as UAW, and the defendant, Allis-Chalmers Corporation, are parties to a collective bargaining agreement entitled "Agreement Covering Retirement and Pensions" (agreement). This agreement was to have remained in full force and effect until at least January 31, 1986. The parties do not dispute that the defendant violated this agreement by terminating the entire pension plan in July 1985. Nor do the parties dispute that violations of the agreement are matters appropriately within the scope of an arbitrator's review.

According to the plaintiffs, however, other statutory and contractual violations occurred when the defendant terminated the employee pension plan. The plaintiffs allege violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1101–1114 (ERISA) and of the Allis-Chalmers Retirement and Pension Plan (plan). Furthermore, the plaintiffs interpret the agreement to exclude the following issues, pertaining to ERISA and the plan, from arbitration: 1) Whether Allis-Chalmers violated any statutory fiduciary or other duties under ERISA; 2) what the remedy for any such violations should be; and 3) any issues regarding benefit eligibility, entitlement or payment.

The plan provides for, among other things, coverage and calculation of pension benefits, as well as the establishment of a "Board of Administration" and of "Local Pension Committees." These bodies have the authority to make determinations as to the eligibility and amount of pension benefits for plan participants.

By contrast, the agreement does not specifically provide for pension benefits, but serves to establish, formally, the pension plan; it also identifies procedural mechanisms for maintenance of the plan. The agreement also contains an arbitration clause which provides as follows:

> Section 7. Any question raised by the Union or the Company concerning compliance herewith (but not any matter within the jurisdiction of the Board of Administration or the Local Pension Committees under the Plan) may at the request of either the Union or the Company be referred to an Impartial Referee, who shall be the Impartial Chairman of the Board of Administration under the Plan.
>
> The following rules shall apply to references to the Impartial Referee hereunder:
>
> a. The jurisdictional authority of the Impartial Referee is limited to questions of compliance with this Agreement;
>
> b. Any questions of compliance presented to the Impartial Referee shall be in writing clearly setting forth (1) the precise basis for the allegation of noncompliance including the designation of the provisions alleged not to have been complied with, and (2) the facts relied on in support thereof;
>
> c. The decision of the Impartial Referee shall be in writing;
>
> d. The final decision of the Impartial Referee made within the scope of his jurisdictional authority shall be binding upon the Union, the Company, the employees, retired employees and all other persons covered by the Plan;
>
> c.[sic] The fees of the Impartial Referee and the expenses of his hearing shall be shared equally by the Company and the Union.

Prior to filing its motion for summary judgment, plaintiffs' counsel informed defendant's counsel that the plaintiffs would agree to proceed to arbitration under the parties' agreement, provided that the parties enter into a stipulation that the arbitrator selected has no contractual authority to determine whether Allis-Chalmers violated any statutory duties under ERISA, nor any authority to determine benefit issues under the pension plan. Allis-Chalmers refused to enter into such a stipulation, and the plaintiffs turned to this court for a judicial determination as to which disputes between the parties are arbitrable and which disputes are not.

## ANALYSIS

■ As the Supreme Court has made clear since deciding the landmark cases comprising the *Steelworkers Trilogy, Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), arbitration is the preferred method of resolving labor disputes. Accordingly, a duty to arbitrate will be imposed whenever a collective bargaining agreement "can be reasonably interpreted to impose such a duty." *Graphic Communications Union v. Chicago Tribune Company,* 794 F.2d 1222, 1225 (7th Cir.1986) (construing *Warrier & Gulf Navigation Co., supra,* 363 U.S. at 582–83, 80 S.Ct. at 1352–53; *John Wiley & Sons v. Livingston,* 376 U.S. 543, 550, 84 S.Ct. 909, 914, 11 L.Ed.2d 898 (1964)). In essence, there is a presumption in favor of arbitrability such that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Warrior & Gulf Navigation Co., supra,* 363 U.S. at 582–83, 80 S.Ct. 1352–53.

However, the duty to arbitrate is purely a creation of contract; courts are not authorized to compel a party to arbitrate in the absence of an agreement to do so. *Gateway Coal Co. v. United Mine Workers,* 414 U.S. 368, 374, 94 S.Ct. 629, 635, 38 L.Ed.2d 583 (1974). "[A]rbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *AT&T Technologies, Inc. v. Communication Workers of America,* — U.S. —, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

Determining whether the parties have indeed contracted to submit a particular dispute to arbitration is one for judicial determination. *AT&T Technologies, supra,* 106 S.Ct. at 1420. I have, therefore, examined the controlling collective bargaining agreement, the "Agreement Covering Retirement and Pensions," in order to ascertain the arbitrability of the issues identified by the plaintiffs in their motion for summary judgment.

█ Pursuant to the arbitration clause appearing at section 7 of the parties' agreement, an arbitrator's jurisdiction is expressly limited to "questions of compliance with this agreement." In light of this narrowly delineated scope of arbitral review, the agreement cannot be reasonably interpreted to mandate arbitration of questions regarding possible fiduciary or other duty violations under ERISA. Moreover, expressly excluded from the scope of the arbitrator's review is "any matter within the jurisdiction of the Board of Administration or the Local Pension Committees under the Plan...." Thus, issues pertaining to pension benefit entitlement, eligibility, and payment, which are matters subject only to the consideration of the board and local committees, are similarly not issues appropriate for the arbitrator's consideration.

My decision with respect to the scope of the arbitrator's jurisdiction resolves all outstanding issues in this matter. In their complaint, plaintiffs sought injunctive relief enjoining the defendant from terminating its employee pension plan; I denied plaintiffs' application for such relief last July. Plaintiffs also sought a declaratory judgment that the defendant's pension plan termination would constitute a violation of the parties' agreement; the defendant does not dispute this issue.

Finally, in their most recent application to the court, plaintiffs sought declaratory judgment on the scope of arbitration. Declaratory relief may be awarded even though it is not prayed for in the complaint. Rule 54(c), Federal Rules of Civil Procedure. *See also Hostrop v. Board of Junior Colleges,* 523 F.2d 569 (7th Cir.), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1975). In the instant case, the plaintiffs' complaint and the uncontested facts adduced in the proceeding thus far render a declaratory judgment on the scope of arbitration appropriate. Thus, having resolved this final legal matter, there is no reason to proceed to an evidentiary trial in this case.

Therefore, IT IS ORDERED that the plaintiffs be and hereby are entitled to judgment declaring that matters which are arbitrable under the parties' Agreement Covering Retirement and Pensions do not include (a) the question of whether Allis-Chalmers has violated any fiduciary or other duties under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*; (b) the question of what the remedy for any such breaches shall be; and (c) any questions relating to benefit eligibility, entitlement or payment.

IT IS ALSO ORDERED that the plaintiffs be and hereby are entitled to judgment for their costs and disbursements in this action.